IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION



FILED

**May 16, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 02-C-01-9605-CC-00154 |
| | ) | |
| | ) | Lauderdale County |
| v. | ) | |
| | ) | Joseph W. Walker, Judge |
| | ) | |
| | ) | (Expungement of Record) |
| JOHN M. CHILDRESS, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

John M. Childress, Pro Se
South Central Correctional Center
P.O. Box 279
Clifton, TN 38425
(Appeal Only)

Gary Antrican
District Public Defender
P.O. Box 700
Somerville, TN 38068

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Deborah A. Tullis
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED:_____

REVERSED AND REMANDED

Joe B. Jones, Presiding Judge

# O P I N I O N

The issue presented for review by this appeal is the right of the appellant, John M. Childress, to have five counts of an indictment dismissed as part of a plea bargain agreement expunged. The trial court refused to expunge these counts of the indictment. In this Court, the State of Tennessee confesses error, and agrees this case must be remanded to the trial court for the expungement of these counts of the indictment. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court the judgment of the trial court should be reversed and this cause remanded for the entry of an order expunging the five counts of the indictment.

The Lauderdale County Grand Jury returned an indictment charging the appellant with seven counts of statutory rape. The appellant entered into a plea bargain agreement with the State of Tennessee. The appellant entered pleas of guilty to Count I, especially aggravated sexual exploitation of a minor, and Count II, statutory rape. The State agreed to dismiss the five remaining counts of statutory rape.

The appellant is entitled to have Counts III through Count VII expunged. State v. Terrence Liddle, Wilson County No. 01-C-01-9508-CR-00280 (Tenn. Crim. App., Nashville, May 24, 1996). In Liddle, the defendant was charged with six counts of aggravated sexual battery. Pursuant to a plea bargain agreement, the defendant entered a plea of guilty to Count I of the indictment. The state nollied the remaining five counts of the indictment. This Court held the defendant was entitled to have the five nollied counts expunged in accordance with Tenn. Code Ann. § 40-32-101(a)(3).

This case is remanded to the trial court for the entry of an order expunging the five counts of the indictment that were dismissed pursuant to the plea bargain agreement.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
J. CURWOOD WITT, JR., JUDGE